United States District Court
Southern District of New York
-------------------------------------------------x

UNITED STATES OF AMERICA,

                 -against-

                                     22 Cr. 644 (JSR)

LUCHA EL POR LIBERTAD,

                 Defendant.
-------------------------------------------------x

## LUCHA EL POR LIBERTAD'S PROPOSED *VOIR DIRE*

                                    Federal Defenders of New York
                                    Attorneys for Lucha El Por Libertad
                                    52 Duane Street - 10th Floor
                                    New York, New York 10007
                                    Tel.: (212) 417-8735

                                    Zawadi S. Baharanyi
                                    Amanda J. Mayo

                                    *Of Counsel*

To:    Damian Williams, Esq.
       United States Attorney
       Southern District Of New York
       One St. Andrew's Plaza
       New York, New York 10007
       Attn:  Ashley Nicolas
              Maddie Smyser
              Sarah Mortazavi
              Assistant United States Attorneys

## VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the defense respectfully requests that the Court include the following questions in its *voir dire* of prospective jurors in addition to the Court's standard questions. Where a prospective juror answers in the affirmative, the defense further requests that the Court ask, or counsel be permitted to ask, additional questions of the prospective juror to determine whether the juror can be fair and impartial in this case. The defense requests the right to propose additional questions after the Court rules on the pending motions.

The *voir dire* proposed below, in addition to the standard questions offered by the Court, are necessary considering that the subject matter of firearms and firearm possession can trigger strong opinions and biases. Moreover, Lucha El's arrest in Massachusetts received extensive media coverage.[1] If the Court permits evidence on this arrest over the defense's objection, the jury must be thoroughly questioned on their prior familiarity with the arrest and any biases that might exist because of their knowledge of the incident and the individuals involved. It is critical to Lucha's Sixth Amendment right to an impartial jury that the Court inquire deeply into potential areas of bias

---

[1] E.g.: https://en.wikipedia.org/wiki/Wakefield_standoff;
https://www.cbsnews.com/boston/news/rise-of-the-moors-wakefield-highway-standoff/;
https://www.bostonglobe.com/2022/07/02/metro/one-year-after-armed-standoff-rhode-islands-rise-moors-is-limbo/; https://www.vice.com/en/article/qj8wad/rise-of-the-moors-armed-standoff-massachusetts-police-sovereign-movement;
https://www.washingtonpost.com/nation/2021/07/04/moorish-sovereignty-rise-of-the-moors/;
https://www.nytimes.com/2021/07/03/us/wakefield-ma-lockdown-rise-of-the-moors.html

relevant to this case, and these questions provide a starting point to do so.

I.       Description of the Case

The government has accused Lucha El Por Libertad of unlawfully receiving or transporting a gun obtained out of state into his state of residence and conspiring with others to do the same. Lucha El denies these allegations and has pleaded "not guilty" to both counts. Under our laws, Lucha El is entitled to the presumption of innocence on all charges.

II.      Case-Specific Proposed Questions of Prospective Jurors

*Firearms*

1.       In this case, the defendant is charged with unlawfully receiving a firearm into his state of residence without authority to do so. Do you disapprove of people carrying a gun for protection?

2.       Do you disapprove of people keeping a gun inside their home for protection?

3.       Do any of you believe that guns should be banned generally?

4.       Do any of you believe that guns should be banned or limited in New York City specifically?

(a)      If you answered yes to any of the above questions, would the fact that the charges involve the defendant possessing a gun make it difficult for you be a fair and impartial juror in this case?

5.       Do you or any close family member or friend belong to any organization that seeks the passage of gun control laws or other laws to restrict ownership of guns?

(a)      If you answered yes, does the fact that the defendant is charged with violating a law controlling the transportation of guns make it difficult for you to be a fair and impartial juror in this case?

6.       Have you or any close family or friends been the victim of gun violence?

(a)    If yes, what happened?

(b)    Would the fact that the defendant is accused of possessing a gun make it difficult for you be a fair and impartial juror in this case?

*Rise of The Moors/Moorish Identity and Religion[2]*

7.    In this case you will hear evidence about Lucha El's association with Rise of The Moors, a civic organization for individuals who identify as Moorish American and who follow the tenets of Islam. Has anyone heard of the Rise of the Moors?

8.    Does anyone have any opinions about or biases towards the Rise of the Moors?

9.    Does anyone have any opinions about or biases towards people who identify as Moorish Americans?

10.    Does anyone have any opinions about or biases towards people who practice the Islamic faith?

(a)    If yes to any of the above, would Lucha El's association with Rise of the Moors, identity as a Moorish American, or affiliation with the Islamic religion make it difficult for you to be a fair and impartial juror in this case?

11.    Is anyone familiar with the arrest of several members of the Rise of the Moors on a highway in Wakefield Massachusetts in July 2021?

(a)    If yes, would you find it difficult to be fair and impartial to Lucha knowing that he was one of the individuals arrested in that incident?

*Lucha El's Preferred Name*

12.    The defendant in this case was given the name Steven Perez at birth. His preferred name and the name that he goes by is Lucha El Por Libertad. Do any of you feel uncomfortable with someone choosing to go by a name different than the one they were born with?

13.    Would any of you feel distrusting of someone choosing to go by a different name?

---

[2] These questions are proposed only if the Court permits the government to introduce evidence of Lucha's Massachusetts arrest and the police incident involving Lucha and the Rise of the Moors.

(a)    If yes, would your feeling about the use of a different name affect your ability to be fair and impartial towards Lucha in this case?

III.    Presumption of Innocence

1.    Lucha El is presumed innocent. In other words, as you sit here now, you must presume that he is innocent and if you were asked to render a verdict at this point, it would have to be "not guilty." Even into the jury deliberation room, Lucha El remains innocent unless the government proves him guilty beyond a reasonable doubt.  Does that trouble you for any reason? Why or why not?

2.    Does anyone feel that, because Lucha El was arrested and is sitting here as a criminal defendant in court, he probably did something wrong? Why or why not?

3.    As you have learned, Lucha El was charged by indictment by a Grand Jury. The indictment is not evidence. It is merely a formal way of informing the accused of the charges against him. Is there anyone who feels that merely because someone has been indicted by a Grand Jury that he is probably guilty?

4.    Do you accept the fact that law enforcement officers can make mistakes and arrest innocent people? Why or why not?

IV.    Defendant's Right Not to Testify/Present Evidence

1.    It is not Lucha El's or his attorneys' responsibility to prove that Lucha El is innocent. As he sits before you today he is innocent. Therefore, Lucha El need not testify, offer any evidence or witnesses, and may, in fact, stay silent because he is presumed innocent. Will it concern you if Lucha El does not testify on his own behalf?

2.    Would you expect to hear from Lucha El if he were truly innocent? Why or why not? Can you think of reasons why someone might not want to testify, even if he were not guilty?

3.    Do you think that Lucha El should have to prove that he is not guilty? Why or why

5

not?

V.    Experience with the Justice System & Law Enforcement

1.    Are you or anyone close to you involved in law enforcement? Would you tend to give more credit to the testimony of a law enforcement witness for any reason? Why or why not?

2.    Have you, a family member or close friend ever been employed by or volunteered with any victim assistance organization, or neighborhood watch group?

VI.    Knowledge of Parties, Attorneys, Witnesses

1.    Lucha El Por Libertad (also known by his birth name, Steven Perez) is represented at trial by his attorneys, Zawadi Baharanyi and Amanda Mayo, Assistant Federal Defenders at the Federal Defenders of New York.  They will be assisted by Sarah Kwon, a paralegal in the Federal Defenders' office.

VII.    Deliberation Process

1.    Will any juror have any hesitation in rendering a verdict of not guilty with respect to Lucha El if his guilt is not established beyond a reasonable doubt?

2.    If after hearing all of the evidence and discussing it with your fellow jurors, you still believed that the government had not proved Lucha El guilty beyond a reasonable doubt, but a majority of others believed that he was guilty, would any of you find it difficult to maintain your position or make your views known even if in the minority?

VIII.    Unconscious/Implicit Bias

1.    Growing scientific research indicates that we all have "implicit biases" or hidden feelings, perception, fears and stereotypes in our subconscious. These hidden thoughts may be about a person's race, national origin, age, or gender. These hidden thoughts often impact how we remember what we see and hear and how we make important decisions. Please watch this video

created by a federal court in Washington to explain the concept of implicit or unconscious bias:

https://www.wawd.uscourts.gov/jury/unconscious-bias

    2.      Does any juror have difficulty believing in the concept of unconscious or implicit bias?

    3.      Is there any reason at all— religious, ethical, personal— why anyone on the panel believes they should not be a juror for this case?

IX.    COVID-19

    1.      Does anyone feel nervous about being in a deliberation room with individuals who are not vaccinated? In the alternative, does anyone feel nervous about being in a deliberation room with individuals who are vaccinated?

X.    Questions for Individual Jurors

    1.      Do you belong to any associations, organizations or clubs? If "yes," which ones?

    2.      What do you enjoy reading or what are your favorite television shows?

    3.      What are your typical sources for news?

XI. Conclusion

The parties respectfully request that the Court include the foregoing in its *voir dire* to the jury. In addition, the parties request the opportunity to submit further requests or to amend those submitted as appropriate.

Dated: New York, New York
       August 23,2023

Respectfully submitted,

7

8

/s/                
Zawadi S. Baharanyi
Amanda J. Mayo
Attorneys for Lucha El Por Libertad
Federal Defenders of New York, Inc.
52 Duane Street
New York, NY 10007
212-417-8735