

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 29, 2023

**By Email**
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Steven Perez</u>
             S1 22 Cr. 644 (JSR)

Dear Judge Rakoff:

        In response to the Court's request for supplemental submissions regarding the jury charge in the above-captioned case, the Government respectfully requests the Court provide the following instructions, adapted from Sand, *Modern Federal Jury Instructions*.

        **Instruction No. 11:** Starting with the <u>first essential element</u>, what is a conspiracy? A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "object" or "objects" of the conspiracy. In Count One, the unlawful purpose alleged to be the object of the conspiracy is an agreement to transport firearms that were obtained outside the state of residency of the eventual receiver into the state of residency of the receiver. **I have already instructed you on the elements of that crime when I instructed you on Count Two. The object of the conspiracy charged here involves the same elements. However, I should note that the object of the conspiracy charged in Count One is not limited to the single firearm referenced in Count Two.** [1]

        **Instruction No. 12:** If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether the Government has proved beyond a reasonable doubt the <u>second essential element</u>: that the defendant joined and participated in the conspiracy and did so knowingly and willfully.

        A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

---

[1] Instruction No. 16 references the specific firearm alleged in the Indictment. Should the Court cross reference the instruction on Count Two when instructing on the element of Count One, the Government respectfully requests that the Court clarify that the object is not restricted to the specific firearm named in Count Two.

August 29, 2023
Page 2

A person acts willfully if he acts with knowledge that his conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. The defendant need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something that the law forbids.

**Instruction No. 13:** The Government respectfully requests that, if the Court list overt acts, the below be included in addition to the overt acts listed in the Indictment:

- Keith Vereen's trips from South Carolina to New York.
- Each of Keith Vereen's South Carolina gun purchases.
- Jamil Bey's Western Union wire transfer from New York to South Carolina.
- Ricardo Rodriguez's Western Union wire transfer from New York to South Carolina.
- Attempted travel from various states of residency to a training event between on or about July 2, 2021 and July 3, 2021.
- Meetings between co-conspirators in the Bronx, New York.

**Instruction No. 16:** The second essential element that the Government must prove beyond a reasonable doubt is that a specific firearm – in this case, a Century Arms Canik 9mm handgun, **serial number 20CB25810** – was obtained outside of the defendant's state of residence and then was transported into or received by the defendant in his state of residence. In order to satisfy this element, the Government must prove that the state in which the firearm was purchased or otherwise obtained was not the defendant's state of residence and that the state into which the firearm was transported into or received in was the defendant's state of residence.

**The defendant does not have to himself purchase the firearms out-of-state, but it is enough to prove only that the defendant received or accepted the guns in his state of residence. The Government will have been found to have satisfied this element if he has caused an agent, employee, or other associate to bring the guns into his state of residence. A defendant who uses another person to purchase the guns for him out-of-state through the use of false statements has "otherwise obtained" firearms under the law.**[2]

---

[2] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 35-21. *United States v. Mitchell*, 328 F.3d 77, 81 (2d Cir. 2003) (holding that "the employment of out-of-state agents to purchase firearms as 'otherwise obtaining' such firearms pursuant to [Section] 922(a)(3)"); *United States v. Phillips*, 952 F.2d 591, 593 (1st Cir. 1991) (defendant guilty under Section 922(a)(3) where he wired money to an out-of-state resident to buy guns out of state).

August 29, 2023
Page 3

**Instruction No. 17:** The third element the government must prove beyond a reasonable doubt is that the defendant acted willfully. In order to satisfy this element the government must prove that the defendant acted intentionally and purposely and with the intent to do something the law forbids, that is with the bad purpose to disobey or disregard the law. The defendant need not be aware of the specific law or rule that his conduct may be violating, but he must act with the intent to do something that the law forbids.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: \_\_\_/s/_____
   Ashley C. Nicolas
   Madison Reddick Smyser
   Sarah Mortazavi
   Assistant United States Attorney
   (212) 637-2467

cc: Counsel of Record (via Email)