UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.....................................................................x

UNITED STATES OF AMERICA     :

                    -v-     :          22-cr-644 (JSR)

STEVEN PEREZ (A/K/A "LUCHA EL POR     :
LIBERTAD"),     :

          Defendant.     :

.....................................................................x

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

## TABLE OF CONTENTS

### I. GENERAL INSTRUCTIONS

1.      Duty of the Court

2.      Duty of the Jury

3.      Duty of Impartiality

4.      Burden of Proof

5.      Reasonable Doubt

6.      Direct and Circumstantial Evidence

7.      Witness Credibility

8.      A Defendant's Right to Not Testify

### II. THE CHARGES

9.      Summary of Charges

10.     Count Two: Interstate Transport or Receipt of Out-of-State Firearm

11.     Count Two – First Element – Lack of License

12.     Count Two – Second Element – Transport or Receipt of Out-of-State Firearm

13.     Count Two – Third Element – Criminal Intent

14.     Count One: Conspiracy to Transport or Receive Firearms from Outside States of
        Residency

15.     Count One – First Element – Conspiracy

2

16.    Count One – Second Element – Joining the Conspiracy

17.    Count One – Third Element – Overt Act

18.    Motive

19.    Venue

## III. CONCLUDING INSTRUCTIONS

20.    Selection of Foreperson; Right to See Exhibits and Hear Testimony;

    Communications with the Court

21.    Verdict; Need for Unanimity; Duty to Consult

## I. GENERAL INSTRUCTIONS

## INSTRUCTION NO. 1

### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which entirely replace the preliminary instruction I gave you earlier. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

4

## INSTRUCTION NO. 2

### Duty of The Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you at the start of your deliberations a list of all the exhibits, a laptop on which you can view the videotapes, all the other exhibits themselves except the guns and ammunition (which will remain outside unless you ask to see them, and certain Excel spreadsheets that, for convenience, you can view on the laptop). If you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

5

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

6

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

INSTRUCTION NO. 3

Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

8

## INSTRUCTION NO. 4

### Presumption of Innocence and Burden of Proof

The defendant here, Steven Perez, also known as Lucha El, is charged with two federal crimes about which I will instruct you shortly. Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty. To prevail against the defendant on a given charge, the Government must prove each essential element of that charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, the defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he is guilty of that charge beyond a reasonable doubt.

9

## INSTRUCTION NO. 5

### Reasonable Doubt

Since, to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should not hesitate to find the defendant guilty of that charge.

10

## INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

11

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 7

Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how

13

he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

As to all witnesses, you should also consider whether a witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

14

## INSTRUCTION NO. 8

### A Defendant's Right to Not Testify

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Accordingly, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

15

## II. THE CHARGES

## INSTRUCTION NO. 9

### Summary of the Charges

With these preliminary instructions in mind, let us turn to the two specific charges against the defendant, Steven Perez, who goes by the name Lucha El Por Libertad or (as he prefers) Lucha El. These charges were originally set forth in what is called an Indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. The Indictment in this case charges Lucha El with a total of two charges, or "counts" as they are called, and each count charges a different crime. I will, for convenience, refer to each charge or count by its number as it appears in the Indictment.

Count One charges the defendant with conspiring to unlawfully transport or receive firearms that were purchased out-of-state into the state of residency of the person receiving or transporting the firearm. Count Two charges the defendant with unlawfully receiving or transporting a specific firearm purchased out-of-state into his state of residence.

Before the defendant can be convicted of any of these charges, the Government must prove every essential element of the particular charge you are considering beyond a reasonable doubt. In your deliberations and in reaching your verdict, you must consider each charge separately and determine whether the Government has carried its burden of proof with respect to each essential element of that particular charge.

16

For convenience, I will start with Count Two, which charges the defendant with willfully receiving a specific out-of-state firearm in his state of residency, New York. After that, I will turn to Count One, which charges the defendant with conspiring with other people to willfully transport or receive out-of-state firearms in states of their residency.

17

## INSTRUCTION NO. 10

### Count Two: Interstate Transport or Receipt of Out-of-State Firearms

Count Two, sometimes referred to as a "substantive count," charges the defendant with unlawfully receiving or transporting a specific out-of-state firearm into his state of residence. Before the defendant can be convicted on this Count, the Government must prove beyond a reasonable doubt three elements:

First, that the defendant was not licensed to receive out-of-state firearms, specifically, that he was not a licensed importer, licensed manufacturer, licensed dealer or licensed collector of firearms;

Second, that the defendant transported or received into the state in which he resided a specific firearm purchased or otherwise obtained outside that state; and

Third, that the defendant acted knowingly and willfully.

I will now address each of the three elements of Count Two in detail.

18

## INSTRUCTION NO. 11

### Count Two – First Element – Lack of License

Starting with the first essential element, the Government must prove beyond a reasonable doubt that the defendant was not licensed to receive out-of-state firearms, specifically, that he was not a licensed importer, manufacturer, dealer or collector of firearms.

A person is an "importer" when he is "engaged in the business of importing or bringing firearms or ammunition into the United States for purposes of sale or distribution."

A person is a "manufacturer" when he is "engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution."

A person is a "dealer" when he is "engaged in the business of selling firearms at wholesale or retail."

A person is a "collector" when he "acquires, holds, or disposes of firearms as curios or relics."

The terms "licensed importer," "licensed manufacturer," "licensed dealer" and "licensed collector" mean any such persons who are licensed under the provisions of the federal Gun Control Act. In order to be a "licensed dealer" a person must file an application with and receive a license from the United States Secretary of the Treasury.

19

INSTRUCTION NO. 12

## Count Two – Second Element – Transport or Receipt of Out-of-State Firearms

The second essential element that the Government must prove beyond a reasonable doubt is that a specific firearm – in this case, a Century Arms Canik 9mm handgun, serial number 20CB25810 – was purchased or obtained outside of the defendant's state of residence and then was received by the defendant in his state of residence. In order to satisfy this element, the Government must prove that the state in which the firearm was purchased or was otherwise obtained was not the defendant's state of residence and that the state in which the defendant received the firearm was the defendant's state of residence.

The defendant does not have to himself purchase the firearm out-of-state. A defendant who, knowing that another person has purchased the gun out of state, then receives the gun in the defendant's state of residence, satisfies the second essential element.

20

INSTRUCTION NO. 13

Count Two – Third Element – Criminal Intent

The third essential element the Government must prove beyond a reasonable doubt is that the defendant, in receiving the out-of-state firearm into his state of residency, acted knowingly and willfully. "Knowingly" means purposely, rather than negligently or accidentally; but the defendant need not be aware of the specific law that his conduct is violating. "Willfully" means to act with a bad purpose and intent to act unlawfully even if the defendant does not know the specific law he is violating.

21

INSTRUCTION NO. 14

## Count One: Conspiracy to Transport and Receive Firearms from Outside States of Residency

Count One, sometimes referred to as the "conspiracy count," charges the defendant with conspiring with others to unlawfully transport firearms that were purchased out-of-state into the state of residency of the persons actually receiving the firearm. Before the defendant can be convicted of this Count, the Government must prove beyond a reasonable doubt three elements:

First, the existence of the charged conspiracy;

Second, that the defendant knowingly and willfully became a member of that conspiracy; and

Third, that at least one of the co-conspirators committed an overt act in furtherance of the conspiracy.

I will now address each of the three elements of Count One in detail.

22

INSTRUCTION NO. 15

Count One – First Element – Conspiracy

Starting with the first essential element, what is a conspiracy? A conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "object" or "objects" of the conspiracy. In Count One, the unlawful purpose alleged to be the object of the conspiracy is an agreement to transport firearms that were obtained outside the states of residency of the eventual receivers into the states of residency of the receivers. I have already instructed you on the essential elements of that underlying crime when I instructed you on Count Two. The conspiracy here charged is that several persons, including the defendant, agreed to a plan to commit the same kind of substantive violations.

Please bear in mind that conspiracy is an entirely distinct and separate offense from the particular substantive crime charged in Count Two of the defendant actually receiving a specific out-of-state firearm in the defendant's state of residency. The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy. Rather, the Government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the objective of unlawfully obtaining or transporting one or more out-of-state firearms in order to enable one or more conspirators to receive them in their states of residency.

23

While the indictment charges that the alleged conspiracy began in or around May 2020 and continued up to in or around July 2021, it is not essential that the Government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

INSTRUCTION NO. 16

Count One – Second Element – Joining the Conspiracy

If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether the Government has proved beyond a reasonable doubt the second essential element: that the defendant joined and participated in the conspiracy and did so knowingly and willfully. I have already defined the terms "knowingly" and "willfully" for you in in Instruction No. 13, and the same definitions apply here.

To join and participate in a conspiracy, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on his part. Nor does the defendant need to know the full extent of the conspiracy or all of its participants. It is also not necessary that the defendant receive any monetary benefit from participating in the conspiracy. All that is necessary is proof beyond a reasonable doubt that the defendant joined and participated in the conspiracy knowingly, and with the intent to aid in the accomplishment of its unlawful object as previously discussed.

The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member. The law does not require that each conspirator have an equal role in

25

the conspiracy. Even a single act may be sufficient to draw the defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that the mere association or friendship by one person with another person does not make the first person a member of the conspiracy, even when coupled with knowledge that second person is committing a crime. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant have participated in the conspiracy with knowledge its object and with an intent to aid in the accomplishment of that unlawful object.

## INSTRUCTION NO. 17

### Count One – Third Element – Overt Act

The third essential element of Count One is that one of the conspirators – not necessarily the defendant, but any one of the conspirators – took at least one overt act in furtherance of the conspiracy. An overt act in furtherance of the conspiracy can be any act of any kind taken by any member of the conspiracy that is done to effectuate the conspiracy in any respect. The overt act, itself, need not have been an unlawful act. While the Government need not prove more than one overt act, you must unanimously agree on which specific overt act or acts, if any, the Government has proven beyond a reasonable doubt.

27

## INSTRUCTION NO. 18

### Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime or crimes may be, or whether that defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

28

## INSTRUCTION NO. 19

### Venue

One last requirement. Before the defendant can be convicted of any of the foregoing charges, the Government must also establish what is called "venue," that is, that some act in furtherance of that charge occurred in the Southern District of New York. As relevant here, the Southern District of New York is the judicial district that includes (among other places) Manhattan, the Bronx, and Westchester. Venue is proven if any act in furtherance of the count you are considering occurred in any of these counties, regardless of whether it was an act of the charged defendant or anyone else.

Furthermore, on the issue of venue—and on this alone—the Government can meet its burden by a preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of a given charge occurred in the Southern District of New York.

29

# III. CONCLUDING INSTRUCTIONS

## INSTRUCTION NO. 20

### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room a list of all the exhibits; a laptop that can be used to see and hear the videos and see certain Excel spreadsheets that were also admitted into evidence; and all the other exhibits that were admitted into evidence except for the guns and ammunition (which will be kept here but which you can examine on request). If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any

30

question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

INSTRUCTION NO. 21

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.